IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RUFUS EARL BAKER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:24-cv-00019 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STRATEGIC THERAPY ASSOCIATES, | ) | By:   Hon. Thomas T. Cullen |
| *et al.*, | ) |           United States District Judge |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Rufus Earl Baker, Sr.'s motion to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff has filed a suit alleging discrimination and retaliation against his former employer, Strategic Therapy Associates, and several individuals: Jessica Whittle; Shaquai King; Edna Eades; and JameE [*sic*] Hairston.[1] (*See* Compl. ¶ 2.) The court liberally construes Plaintiff's *pro se* complaint as setting forth claims under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA").[2] After review of his motion, the court will grant Plaintiff's request to proceed *in forma pauperis* but dismiss his claims against the individual defendants.[3]

---

[1] Plaintiff failed to comply with the instructions in the court's form complaint. Although "Strategic Therapy Associates Martinsville, Virginia" is listed in the caption, it is omitted in the list of defendants despite the admonition that the list of defendants be "identical to those contained in the above caption of the complaint." (*See* Compl. ¶ 2 [ECF No. 1].) Nevertheless, the court interprets Plaintiff's complaint as asserting claims against all the mentioned defendants, despite his failure to (1) expressly identify Strategic Therapy Associates as a defendant and (2) list the individuals identified as defendants in the caption of the complaint. If Plaintiff intends to proceed *pro se* in this matter, he must comply with the court's directives going forward.

[2] To allow for the development of potentially meritorious claims, federal courts must construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

[3] The court takes no position on whether Plaintiff has stated a claim against Strategic Therapy Associates.

If a party seeks and is granted leave to proceed *in forma pauperis*, he may prosecute his case without prepayment of the required fees or costs. But in doing so, he gives the court more latitude to act unilaterally than it otherwise would have. Ordinarily, a court does not rule on the merits of a claim without being asked to do so by the parties. But Congress has directed the court to do so when a party asks to prosecute his claim without payment of the required fees. Specifically, the statute that authorizes proceedings *in forma pauperis* provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the court has an obligation to screen any complaint that is submitted to the court by a party proceeding *in forma pauperis* and dismiss any claim against any party that is encompassed by § 1915(e)(2)(B).

Both Title VII and the ADEA apply to employers, not individuals. 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . ."); 28 U.S.C. § 623(a) ("It shall be unlawful for an employer . . . ."); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) ("[I]ndividuals are not liable under [Title VII]."); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer . . . ."). Accordingly, insofar as Plaintiff asserts claims under Title VII and the ADEA against Whittle, King, Eades, and Hairston, he has failed to state a claim. Moreover, he expressly alleges that Strategic Therapy Associates was his employer. (Compl. ¶ 9.A.) Because that entity, and not the individuals, are alleged to have been his employer, his

- 3 -

actions lie, if at all, against Strategic Therapy Associates and not the individuals who were also employed there and/or supervised him. *See Lissau*, 159 F.3d at 180 ("[S]upervisors are not liable in their individual capacities for Title VII violations."); *Londeree v. Crutchfield Corp.*, 68 F. Supp. 2d 718, 723–24 (W.D. Va. 1999) ("[T]he Fourth Circuit refuses to hold supervisors liable in their individual capacities for Title VII violations."); *see also Birkbeck*, 30 F.3d at 511 (holding that an employee "is not a proper defendant" in an ADEA action).

Accordingly, Plaintiff's claims against Whittle, King, Eades, and Hairston will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Once Plaintiff complies with the accompanying Order, the Marshals will be directed to serve a copy of Plaintiff's complaint (and a copy of this Memorandum Opinion) on Strategic Therapy Associates only.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 24th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE